IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| CITY OF EAST CLEVELAND, | ) CASE NO.: 1:08 CV 2309 |
| Plaintiff, | ) |
| v. | ) JUDGE DONALD C. NUGENT |
| CH2M HILL/OMI, et al., | ) |
| Defendants. | ) MEMORANDUM OPINION |
| | ) AND ORDER |

This matter is before the Court on Plaintiff's Motion to Partially Dismiss Defendants' Counterclaim.  (ECF #25).  Plaintiff contends that Counts Two and Three of the Counterclaim should be dismissed because a municipality cannot be sued for unjust enrichment or promissory estoppel.  Defendants, Operations International, Inc. and CH2M Hill Ohio, Inc. (collectively "CH2M") filed a Memorandum in Opposition to this motion.  (ECF #27).  After careful consideration of the pleadings and a review of all relevant authority, Plaintiff's Motion to Dismiss is DENIED.

## **STANDARD OF REVIEW**

In evaluating a motion for dismissal under Rule 12(b)(6), the district court must "consider the pleadings and affidavits in a light most favorable to the [non-moving party]." *Jones v. City of Carlisle, Ky.*, 3 F.3d. 945, 947 (6th Cir. 1993) (quoting *Welsh v. Gibbs*, 631 F.2d 436, 439 (6th Cir. 1980)).  However, though construing the complaint in favor of the non-moving party, a trial court will not accept conclusions of law or unwarranted inferences cast in the form of factual allegations. *See City of Heath, Ohio v. Ashland Oil, Inc.*, 834 F.Supp 971, 975 (S.D.Ohio 1993).  In deciding a Rule 12(b)(6) motion, this Court must determine not whether the complaining party will prevail in the matter but whether it is entitled to offer evidence to support the claims made in its complaint. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

On a motion brought under Fed. R. Civ. P. 12(b)(6), this Court's inquiry is limited to the content of the complaint, although matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint may also be taken into account.  *See Chester County Intermediate Unit v. Pennsylvania Blue Shield*, 896 F.2d 808 (3rd Cir. 1990).

## **ANALYSIS**

The parties agree that a municipality's contractual powers are limited, and that it can only become legally liable for obligations that are made and entered into in conformity with all applicable statutes and/or ordinances.  There is no dispute that Ohio law has long supported this proposition.  *See, e.g., Wellston v. Morgan*, 65 Ohio St. 219 (1901); *Howley v. Toledo*, 47 Ohio App. 246, 247 (Madison Cty. 1934); *Baxter v. Manchester*, 64 Ohio App. 220, 225-26 (Adams Cty. 1940).  Plaintiffs further contend that municipalities, therefore, cannot ever be held liable under theories of unjust enrichment or other quasi-contractual claims, including promissory

estoppel.  Defendants, on the other hand, acknowledge that although estoppel and unjust enrichment are <u>generally</u> not applicable in circumstances where a municipality is being sued, there is no absolute bar to liability under these theories.  Further, Defendants contend that these causes of action are both actionable and appropriate claims under the facts of this case.

    Plaintiffs have cited several lower court decisions from Ohio for the proposition that claims of equitable and promissory estoppel cannot lie against a municipality.  Though the cited cases did come to the conclusion that these causes of action were not sustainable under the specific facts of the case, nearly all of these sources make some recognition that there is not an absolute bar to quasi-contractual claims against municipalities.  *See, e.g., Cooney v. City of Independence*, No. 66509, 1994 Ohio App. LEXIS 5290,  *13 (Cuyahoga Cty. Nov. 23, 1994)(acknowledging that "the doctrine of promissory estoppel applies to municipalities where the promisor's representations or statements are authorized"); *G.R. Osterland Co. v. City of Cleveland*, 140 Ohio App.3d 574, 577 (Cuyahoga Cty. 2000)(citing *Cuyahoga Cty. Hospital v. Cleveland*, 15 Ohio App.3d 70, 72 (Cuyahoga Cty. 1984))("A municipal corporation cannot **<u>generally</u>** be held liable for quasi- or implied contracts or for claims based upon the theory of *quantum meruit*.")(emphasis added.).  Further, many of the cases cited by Plaintiffs dismissed the equitable claims because they were based on alleged agreements that were void for failing to follow statutory requirements or because they exceeded the specific authority granted to the municipality.  *See, e.g., Nealon v. City of Cleveland*, 140 Ohio App.3d 101, 109 (Cuyahoga Cty. 2000).

    Defendants reference two Ohio Supreme Court case, and several lower level courts to support their position that under some circumstances municipalities are subject to promissory

estoppel and unjust enrichment claims.[1] *See Mount Vernon v. State*, 71 Ohio St. 428 (1905)(citing *State v. Mitchell*, 31 Ohio St. 592 (1877)("The principles of estoppel apply when the proceedings are questioned on the ground of unconstitutionality of the statute under which they are had, as well as where they are sought to be impeached on other grounds.")); *Pilot Oil Corp. v. Ohio Dept. Of Transp.*, 102 Ohio App.3d 278, 283 (Franklin Cty. 1995); *Wilson Bennett, Inc. v. Greater Cleveland Regional Transit Authority*, 67 Ohio App.3d 812, 822 (Cuyahoga Cty. 1990).

This Court is bound to apply state law in accordance with the currently controlling decisions of the state's highest court. *Bailey Farms, Inc. v. NOR-AM Chemical Co.*, 27 F.3d 188, 191 (6th Cir. 1994). As there appears to be Ohio Supreme Court case law supporting the Defendants' position, and none has been cited in support of the Plaintiffs, this Court is bound to side with the Defendant on this issue. There are circumstances under which dismissal of these claims could be appropriate (if the alleged agreement was outside the scope of authority of the municipality or in violation of a statute or ordinance) but those circumstances have not been alleged, and cannot be assumed at this stage of the litigation.

---

[1] Defendants also cite several Ohio Supreme Court cases which find that promissory estoppel is generally not available to attack a city's exercise (or failure to exercise) a governmental function. Contracts which further the maintenance or operation of a municipal water supply company, however, involve the municipality's proprietary functions. The reasoning behind the general prohibition against quasi-contractual causes of action is not as compelling when proprietary functions are at issue. See Ohio Revised Code §2744.01(G)(2)(c)

## **CONCLUSION**

For the reasons set forth above. Plaintiff's motion to dismiss Counts Two and Three of the Defendants' Counterclaim (ECF #25) is hereby DENIED.

IT IS SO ORDERED.

/s/ Donald C. Nugent
DONALD C. NUGENT
United States District Judge

DATED: June 24, 2009