IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CITY OF EAST CLEVELAND, OHIO, | ) | CASE NO.: 1:08 CV 2309 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| CH2M HILL/OMI, *et al.,* | ) | |
| | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| Defendants. | ) | |

This case is currently before the Court on the Motions of Defendants Ralph Tyler and

Ralph Tyler Companies' Motion for Sanctions Against Plaintiff for Failure to Comply with

Discovery Order (ECF #36), and of Defendants Operations Management International, Inc. and

CH2M Hill Ohio, Inc. for Sanctions Against Plaintiff City of East Cleveland, Ohio Under

F.R.C.P. 37(b)(2)(A) Based on Plaintiff's Failure to Comply with the Court's Discovery Orders.

(ECF #37).   Plaintiff has failed to contest or otherwise respond to these motions for sanctions,

and counsel for the Plaintiff has orally informed the Court that no response will be filed.  (See,

ECF # 38).

Under Fed. R. Civ. P. 37(b)(2)(A) this Court may sanction a party for failing to comply

with discovery orders, including dismissing the lawsuit and/or entering default judgment against them. *Bank One of Cleveland, N.A. v. Abbe*, 916 F.2d 1067, 1073 (6ᵗʰ Cir. 1990).  The Sixth Circuit has held that dismissal is an appropriate sanction where the party's failure to cooperate with the court's discovery orders is willful. *Bass v. Jostens, Inc.*, 71 F.3d 237, 241 (6ᵗʰ Cir. 1995); *accord, Regional Refuse Sys. v. Inland Reclamation Co.*, 842 F.2d 150, 154 (6ᵗʰ Cir. 1988).  Four factors are generally considered when determining whether dismissal is the appropriate sanction for a discovery violation under Rule 37: (1) whether the party's failure to cooperate in discovery is willful; (2) whether the adversary was prejudiced by the failure to cooperated in discovery; (3) whether the dismissed party was warned that a failure to cooperate could result in dismissal; and, (4) wether less drastic sanctions were imposed or considered prior to dismissal. *Bass*, 71 F.3d at 241; *Technology Recycling Corp. v. City of Taylor*, 186 Fed. Appx. 624, 632 (6ᵗʰ Cir. 2006).

In this case, the Plaintiff has not disputed that it willfully failed to obey this Court's June 29, 2009 Order to provide supplemental discovery responses in accordance with the Motion to Compel filed by OMI and CH2M pursuant to Rule 37(a).  Further Plaintiff does not contest the Defendants' allegations that it never conducted a thorough search for requested documents; that it misrepresented to the Court that all responsive documents were in the possession of the government (in connection with a criminal investigation); that it misrepresented that documents later found to have been in its possession were not responsive to the discovery requests; that it failed to produce any electronic discovery from its computer systems; that it failed to answer even basic discovery questions such as the identification of individuals who have personal knowledge of or discoverable information relating to its claims; or that these violations were also

-2-

willful.  The Court issued a clear Order compelling Plaintiff to supplement its discovery responses; the Plaintiff acknowledged its awareness of it obligation to produce additional materials, and to comply with the Court's Order (See, ECF #37, Ex. Q), and still consciously chose not to comply with its obligations and this Court's Order.   Plaintiff has offered no explanation or excuse for its failure to comply.

Plaintiff's failure to comply with its discovery obligations has substantially prejudiced the Defendants in this action.  Within the context of Rule 37 sanctions, "prejudice" has been defined to include "deprivation of information through no-cooperation with discovery." *Technology Recycling*, 186 Fed. Appx. at 636.  The Defendants, need not prove irremediable harm.  *Id.* Plaintiff's refusal to cooperate during discovery has clearly undermined the Defendants ability to defend themselves in this action, and has caused excessive and unnecessary delay and expense by forcing Defendants to repeatedly seek discovery responses and to conduct depositions without the benefit of prior written discovery responses and documentation.

Further, the Court previously warned the Plaintiff that sanctions for a continued failure to comply with the Court's Order may include potential dismissal of its claims.  (ECF # 35). Having considered all sanctions available, the Court finds, based on Plaintiffs consistent refusal to participate meaningfully in the discovery process and its refusal to respond in any manner to the request for sanctions made by the Defendants, that any sanction short of dismissal would be futile and would be likely to result only in additional unnecessary waste of time and resources for all involved.

For all of the reasons set forth above, Defendants' Motions for Sanctions are GRANTED.

This case is dismissed with prejudice.  All costs to be paid by the Plaintiff.

Donald C. Nugent
United States District Judge

Date: October 30, 2009

-4-